(46 Misc. Rep. 115)

JACOBS v. COHN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. GAMING—DEALING IN MARGINS—LOSSES—GENUINENESS OF TRANSACTION—PROOF—DISMISSAL.

Where, in an action by a broker's assignee to recover a loss on a purchase and sale of cotton on margins, defendant alleged that the whole transaction was a mere "bucket shop" affair, it was necessary for plaintiff, to warrant the denial of a motion to dismiss the complaint, to introduce some competent evidence of a genuine purchase and sale of cotton by plaintiff's assignor and of a consequent loss.

2. SAME—HEARSAY.

In an action to recover losses alleged to have been sustained by plaintiff's assignee in carrying out an alleged purchase and sale of cotton on margins for defendant, memoranda of telephonic communications purporting to carry defendant's orders for the sale to plaintiff's assignor and to transmit the same from his offices to the Cotton Exchange, together with memoranda of a return series of telephonic communications from some one on the exchange to plaintiff's assignor, and thence to defendant, of the subsequent purchase of 500 bales of cotton to close the transaction, were hearsay, and inadmissible to establish the genuineness of the transaction.

3. SAME—ACCOUNTS STATED.

Where defendant, in a personal interview with a representative of plaintiff's assignor, denied liability on a cotton transaction and called the same a "bucket shop" affair, defendant's silence, on receiving a statement of his account from plaintiff's assignor showing losses on the transaction, did not constitute an admission of the correctness of the account, so as to render the same an account stated.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Maurice R. Jacobs against Jacques C. Cohn. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Julius H. Cohn, for appellant.
Lindsay, Kremer, Kalish & Palmer, for respondent.

GILDERSLEEVE, J. The plaintiff sues as assignee of the claim of Henry Heintz & Co., cotton brokers, against defendant, for broker's commissions of $30 and $530, as losses alleged to have been sustained by said Heintz & Co. in a certain cotton transaction with defendant. The complaint alleges substantially that on August 13 and August 23, 1902, defendant gave orders to Heintz & Co. to sell January cotton, to the aggregate amount of 300 bales, at the then market price, and

deposited $400 as margin against variations in the market; that Heintz & Co. executed said orders; that the price of cotton rose beyond the protection of the margin; that a demand for more margin was made, but no more margin was given; that thereafter, and on August 27, 1902, Heintz & Co. purchased 300 bales of January cotton at the then market price; that by reason of this transaction they expended and lost $530 beyond the margin received, for which loss, together with $30 commissions, they demanded payment of defendant, who refused to pay any part thereof; and that they assigned their claim to the plaintiff. The plaintiff reduced his claim to $500, in order to sue in the Municipal Court. The answer admits certain transactions with Heintz & Co., but puts in issue the allegations of the complaint. It denies that there was any bona fide sale or purchase of the cotton, and it alleges that the transaction was in violation of the laws against gambling. It also sets up as a defense the statute of frauds.

The theory of the plaintiff's case is that Heintz & Co. actually contracted with some one for the sale of the 300 bales of January cotton for defendant's account, on a margin put up by defendant of $400; that the price of cotton rose beyond the margin, and that Heintz & Co., in order to carry out their contract, so made for the defendant, with the third party or parties, were obliged to purchase the 300 bales of cotton at a price which was $530 in excess of the margin put up by defendant. The theory of the defense is that the whole transaction was merely a "bucket shop" affair, and amounted to a wager on the price of cotton; that no sale or no purchase were actually made, nor were they ever intended; that Heintz & Co. never met with any loss at all, but, on the contrary, gained the $400 deposited by defendant as margin; and that the whole affair was purely a gambling transaction.

In order to warrant the court in denying the motion to dismiss the complaint, there must be some competent evidence of a genuine sale and purchase by Heintz & Co., and of a consequent loss on their part. We find a number of memoranda of telephonic messages purporting to carry defendant's orders for the sale to Heintz & Co., and to transmit the same from the office of Heintz & Co. to the Cotton Exchange. We have also memoranda of a return series of telephonic communications from some one on the Cotton Exchange to Heintz & Co., and thence to defendant, of the subsequent purchase of the 300 bales to close the transaction. All this evidence, however, is hearsay, and no positive evidence of either sale or purchase is presented. Neither the broker who sold nor the broker who purchased was called as a witness. The transaction was presumably consummated on the Cotton Exchange, and hearsay evidence based on telephonic communications cannot be accepted as proof of what actually occurred. If the contract between defendant and Heintz & Co. were a mere "bucket shop" or gambling transaction, it could not be enforced. It was incumbent on the plaintiff, in view of the pleadings, to establish a genuine sale and purchase, as we have said. Of this necessary proof the record, so far as we can find, is barren, and we must hold that the court erred in holding the testimony on this branch of the case sufficient to warrant a submission to the jury and in denying the defendant's motion to dismiss the complaint.

Some attempt was made to show an account stated, but no such claim is made in the pleadings.  Evidence, however, was admitted showing that after defendant had, in a personal interview with a representative of the said Heintz & Co., denied his liability and called the whole transaction a "bucket shop" affair, the said Heintz & Co. sent him a statement and letter, to which he made no reply.  Under the evidence in this case, the mere silence of defendant with regard to the alleged account cannot be regarded as an admission on his part of its correctness.  He had put himself squarely on record as disclaiming any liability at all to the said Heintz & Co.

Numerous objections to the validity of the judgment are presented on this appeal, but it is unnecessary to discuss them, in view of the fact that the judgment cannot stand for the reasons already stated.

The judgment is reversed and a new trial granted, with costs to the appellant to abide the event.  All concur.